**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 16-cv-2418-WJM-NYW

DAEVON HOUSE,

     Plaintiff,

v.

TARA LEONE, in her individual capacity,
RYDER MAY, in his individual capacity,
HUDSON T. WHITE, in his individual capacity, and
UNKNOWN JOHN/JANE DOE(s),

     Defendants.

## ORDER DENYING PRELIMINARY INJUNCTION

     In this action, Plaintiff sues certain employees and/or contractors of the Colorado Department of Corrections ("CDOC"), alleging "systemic denial of medical treatment for ["Plaintiff's"] serious medical need," in violation of the Eighth Amendment. (ECF No. 6 at 3; *see generally id.* at 4–6.) Now before the Court is Plaintiff's "Motion for Temporary Restraining Order and Preliminary Injunction For DOC to Send the Medical Records the Court Requested Directly to the Court" (ECF No. 46 (Plaintiff's "Motion")), and the Defendants' Response thereto (ECF No. 50).

     The Court previously denied that portion of Plaintiff's Motion requesting a Temporary Restraining Order, and directed briefing regarding the portion of the Motion requesting a preliminary injunction. (*See* ECF No. 47.) Having received that briefing, and being fully advised of the parties' arguments and representations regarding the relevant facts, the Court now addresses Plaintiff's request for a preliminary injunction.

To prevail on a motion for preliminary injunctive relief, Plaintiff has the burden of establishing that four equitable factors weigh in his favor: (1) he is substantially likely to succeed on the merits; (2) he will suffer irreparable injury if the injunction is denied; (3) his threatened injury outweighs the injury the opposing parties will suffer under the injunction; and (4) the injunction would not be adverse to the public interest.  *See Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009); *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).  "[A] preliminary injunction is an extraordinary remedy," and therefore "the right to relief must be clear and unequivocal."  *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

Plaintiff's Motion represents that he is seeking access to certain of his medical records relevant to this litigation, but has not received copies of them.  (*See generally* ECF No. 46.)  Defendants' Response, including the supporting affidavits, indicates that Plaintiff has not sought any documents through requests for production or other discovery mechanisms authorized by the Federal Rules of Civil Procedure, and also reflects that Plaintiff had not followed the procedures established for CDOC inmates to request and receive copies of their medical records before filing his Motion.  (*See generally* ECF No. 50.)  In addition, Defendants offer to treat Plaintiff's Motion as a Request for Production of Documents pursuant to Federal Rule of Civil Procedure 34, and, in response, to send Plaintiff "copies of all his medical records in the CDOC's possession." (*See id.* at 4.)

Given these representations, the Court finds that Plaintiff is not entitled to a

preliminary injunction.  He has not met his burden of showing that he will suffer

irreparable harm absent such relief, as there is no allegation that he is suffering any

immediate and irreparable injury because of his lack of access to medical records.

Moreover, Plaintiff has adequate remedies available to him, both through

CDOC's administrative processes for requesting medical records, and because the

Court will take Defendants up on their offer to construe the Motion as a Rule 34

Request for Production, as ordered below.  Given these available remedies, Plaintiff is

not entitled to injunctive relief.  *See, e.g., Diné Citizens Against Ruining Our Env't v.*

*Jewell*, 839 F.3d 1276, 1287–88 (10th Cir. 2016) (Lucero, J., concurring in part and

dissenting in part) (noting the "basic doctrine of equity jurisprudence that courts of

equity should not act when the moving party has an adequate remedy at law and will

not suffer irreparable injury if denied equitable relief" (citation omitted; alterations

incorporated)).

Accordingly, the Court hereby ORDERS as follows:

1.      Plaintiff's request for a preliminary injunction is DENIED; and,

2.      The Court hereby CONSTRUES Plaintiff's Motion as a Request for Production of

        Documents ("RFP") pursuant to Federal Rule of Civil Procedure 34, for

        production of all of Plaintiff's medical records that are in CDOC's possession,

        and deems the construed RFP as having been served as of the date of this

        Order; and,

3.      Defendants are ORDERED to respond to Plaintiff's construed RFP within 30

        days of the date of this Order, pursuant to Rule 34(b) and consistent with the

        Federal Rules of Civil Procedure.

Dated this 28th day of March, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge